**WORSLEY RESTAURANTS, INC.**

v.

**SPEEDY'S HAMBURGERS, INC.**

**No. CIV 2-90-265.**

United States District Court,
E.D. Tennessee,
at Greeneville.

Aug. 19, 1991.

Phillip E. Fleenor, W. Neil Thomas, III, Shumacker & Thompson, Chattanooga, Tenn., for plaintiff.

Mark Graham, Leudeha, Hodges & Neely, Knoxville, Tenn., for defendant.

### MEMORANDUM AND ORDER

HULL, District Judge.

This trademark infringement matter is before the Court to consider motions for summary judgment filed by both parties. In regard to both motions, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT:

The following findings of fact were stipulated by the parties in their final pretrial order:

Defendant incorporated in Tennessee under the name Speedy's Hamburgers, Inc., on February 26, 1988. Three days later on February 29, 1988, plaintiff incorporated in North Carolina under the name Worsley Restaurants, Inc.

Plaintiff opened its first drive-through, fast-food restaurant using the mark SPEEDY in various forms on or about May 13, 1988, in Jacksonville, North Carolina. About three weeks later on June 8, 1988, defendant opened its first drive-through, fast-food restaurant under the mark SPEEDY'S in Newport, Tennessee. Subsequently, plaintiff opened several more drive-throughs under various forms of its

this Court. In the Sixth Circuit, this case is one of first impression.

SPEEDY marks in cities generally along the coast in North and South Carolina, and defendant opened two more of its drive-throughs using its mark SPEEDY'S in Morristown and Greeneville, Tennessee.

On June 20, 1988, plaintiff applied for registration in the United States Patent and Trademark Office of a certain form of its SPEEDY mark consisting of a caricature of a boy wearing a hat with the word "speedy" written across the hat. The requested registration was issued to plaintiff on April 17, 1990.

On July 11, 1988, defendant applied to the United States Patent and Trademark Office for registration of the form of its SPEEDY'S mark. The registration was issued to defendant on June 6, 1989.

On or about September 14, 1989, defendant used a new form of its SPEEDY'S mark at its drive-through in Newport, Tennessee. Subsequently, the new form of the SPEEDY'S mark has been used at defendant's drive-throughs in Morristown, Tennessee, and Lexington and Winchester, Kentucky.

On August 8, 1990, defendant applied to the United States Patent and Trademark Office for registration of its new form of the SPEEDY'S mark. The application is pending.

The SPEEDY'S marks of defendant were adopted without any knowledge of plaintiff or plaintiff's use of the mark SPEEDY in any form for any goods or services. Indeed, defendant incorporated under "SPEEDY'S" three days before plaintiff came into existence. The first time anyone connected with defendant learned of plaintiff and its alleged use of the mark SPEEDY was on or after receipt by defendant of the summons and complaint on November 20, 1990.

The drive-through, fast-food restaurants of the parties are very similar concepts in that they both emphasize fast service and they only serve to drive-by traffic, ie.n, the patrons are served as they drive by and park very near the restaurant. Patrons do not eat inside the restaurants. They both serve mainly local trade areas within a five/fifteen mile radius around the restaurants.

The parties do not advertise their goods or services to the consuming public outside of areas within the states where they operate restaurants under their marks. Neither party has a restaurant or business of any kind using any form of its mark within any trade area of the other, or has any present plans or activities for doing so in the immediate future.

The closest distance between any two drive-through restaurants presently using the marks of the parties is about three hundred (300) miles (distance between Greeneville, Tennessee, and Fayetteville, North Carolina). At the time of defendant's adoption of the mark SPEEDY'S in 1988 in Newport, Tennessee, plaintiff had one drive-through in Jacksonville, North Carolina. These cities are separated by a distance of at least three hundred twenty-five (325) miles. (These are direct line distances—road distances are considerably greater).

In addition, the Court finds that although the plaintiff has utilized the word "speedy" alone on such items as its paper cups, that the plaintiff has never registered this mark alone.

CONCLUSIONS OF LAW:

Based upon the foregoing stipulated facts, the Court finds that the use of the trade name, trademark, and service mark "Speedy's" by the defendant, is not likely to cause confusion in the limited market area of the plaintiff, inasmuch as the plaintiff's and defendant's marketing areas do not overlap. *Amoco Oil Co. v. Rainbow Snow*, 748 F.2d 556 (10th Cir.1984).

Therefore, the Court finds that there is no area and manner of concurrent use, and that there is no evidence in this record of instances of actual confusion. *Induct-o-matic Corp. v. Inductotherm Corp.*, 747 F.2d 358 (6th Cir.1984). The Court is also not persuaded that the plaintiff's trademark of a caricature of a boy wearing a hat with the word "speedy" written across the hat is particularly similar to the mark utilized by the defendant which is the word "Speedy's" by itself. Consequently, the

plaintiff has failed to carry its burden of the test of trademark infringement which is the " 'likelihood of confusion' as to the source of origin." *Induct-o-matic Corp., supra,* at 361.

The Court finds that the plaintiff's claim to the word "speedy" has not become incontestable by virtue of the registration of its caricature of a boy with the term "speedy" on his hat. The Court also finds that the doctrine of *Tea Rose–Rectanus,* which is a defense to infringement, does apply in this case, and that the defendant has carried its burden of proving "good faith" and "remoteness" by virtue of the stipulated facts in this cause. *GTE Corp. v. Williams,* 904 F.2d 536, 541 (10th Cir. 1990). The parties have agreed that the defendant had no prior knowledge of the plaintiff's use of the word "speedy", and that the plaintiff has never done business and does not plan to do business in the market area utilized by the defendant which is more than three hundred (300) miles from the plaintiff's market area. Therefore, the plaintiff's infringement claim must fail.

Accordingly, it is hereby ORDERED that the plaintiff's motion for summary judgment be DENIED, that the defendant's motion for summary judgment be GRANTED, and that the plaintiff's complaint be DISMISSED.